IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENAI IRONCLAD CORP.** | * | |
| | * | **NO. 19-02799** |
| **VERSUS** | * | |
| | * | **JUDGE NANETTE** |
| | * | **JOLIVETTE BROWN** |
| **CP MARINE SERVICES, LLC, TEN** | * | |
| **MILE EXCHANGE, LLC, DARDAR** | * | **MAG. DONNA PHILLIPS** |
| **INVESTMENTS, LLC, AND JOSEPH** | * | **CURRAULT** |
| **DARDAR** | * | |
| | * | |
| *  *  *  *  *  *  *  *  *  * | | |

**DEFENDANTS' MEMORANDUM SUPPORTING
CONSENT MOTION TO CONTINUE TRIAL**

Defendants, CP Marine Services, LLC and Ten Mile Exchange, LLC, respectfully submit this memorandum supporting the consent motion to continue trial in order to respond to arguments raised by plaintiff in its opposition.

The consent motion was filed with the approval of plaintiff's counsel. All representations in the consent motion were approved by plaintiff's counsel. In fact, most of the representations in the consent motion were written by plaintiff's counsel. Oddly, although plaintiff now opposes the consent motion, it does not deny having approved it and does not dispute anything said in it. Rather, plaintiff now opposes the consent motion on the basis of remarks made by undersigned defense counsel (to the effect that some discovery remains to be done) in a settlement conference before Magistrate Judge

1

Currault on October 4. That is respectfully no basis for opposing the consent motion, which was fully approved by plaintiff before being filed and which does not address the scope of discovery to be permitted in the future.

In its opposition memorandum, plaintiff now asserts that there was an agreement between counsel regarding the scope of discovery that should be permitted in the event of a continuance and that the motion was consented to only on that basis. That is simply not true. In support of that supposed agreement, Kenai relies on an email from plaintiff's counsel to undersigned defense counsel. What Kenai fails to mention is how defense counsel responded to that email and what transpired thereafter.

After receiving that email, undersigned defense counsel on September 30 called the plaintiff's lawyer who had written the email. In the call, defense counsel stated that we could not possibly agree to Kenai's proposed limitations on future discovery. We had, after all, just received—on September 28, 2021, after the close of the discovery period—a large document dump from Kenai, with two expert surveys of the vessel, including a substantial vessel repair quote from a shipyard, some 50 photographs and 20 videos supposedly documenting damage on the vessel. See Exhibit A (Plaintiff's supplemental discovery response of September 28, 2021). Prior to that late production, plaintiff had produced no expert reports and essentially no damage-support documentation. As a matter of basic fairness, defendants should have an opportunity to test that late-produced evidence through depositions of the experts and of Kenai, and to

obtain responsive expert reports should defendants wish to do so.

Still further, on August 9, 2021, defendants had already timely noticed the corporate deposition of Kenai to occur on September 9, 2021. See Exhibit B. Plaintiff's counsel replied that the date was inconvenient but that alternative dates would be supplied. See Exhibit C. Defense counsel agreed to postpone the Kenai deposition on the basis that it would happen later on a mutually available date more convenient to plaintiff. Plaintiff's counsel proposed one date, See Exhibit D, and, after being advised that it was unavailable for defense counsel (see Exhibit E), pledged to provide additional dates, see Exhibit F. Hurricane Ida arrived three days later, and plaintiff's counsel never provided alternative dates for the Kenai deposition. When reminded of the commitment to do so, plaintiff counsel subsequently refused on the ground that the discovery period was over.

These circumstances were explained to plaintiff's counsel in the call as reasons why defense counsel could not agree to the proposed limitations on discovery going forward. It was agreed between counsel in the call that a continuance of the trial date would be appropriate and mutually beneficial and that a joint motion for a trial continuance would be filed, leaving any disagreements on the scope of discovery going forward to be addressed at a later time. In the call, plaintiff's counsel offered to forward a proposed draft of the joint motion the following morning. The next morning, on September 29th, plaintiff's counsel forwarded a proposed draft of the motion, with the message "call when free." See Exhibit G. Consistent with the call between counsel the

prior evening, the draft contained no proposed limitations on discovery going forward, as that was a matter to be addressed later as necessary. Although in the call counsel had discussed filing a "joint" motion, the draft received from plaintiff's counsel was instead styled as a "consent" motion to be filed by defendants with the support of plaintiff. In a follow-up call the same day, plaintiff's counsel explained that he was receiving some push back to titling the motion as a "joint" motion. It was agreed that there was very little practical difference between a joint motion and a consent motion supported by both sides, so defense counsel agreed to this modification in what had been discussed.

After receiving the proposed draft from plaintiff's counsel, undersigned defense counsel emailed plaintiff's counsel that same day (October 1), reiterating that the parties' disagreement on the proper scope of discovery going forward would be a debate for a later day:

> Thanks, Harry. Lisa [of defense counsel's office] will have the revised draft of the joint motion to you shortly. I guess we can agree to disagree on discovery for now and can mutually address it later if we can't work something out. First things first on the trial date.

See Exhibit H.

As can be seen, the draft (Exhibit G) received from plaintiff's counsel is virtually identically to the version filed, except that defense counsel added a reference to the severe damage done to the defendant's premises in Hurricane Ida and to the disruption this had caused. Adding this reference was discussed with and approved by plaintiff's counsel in a phone call before the consent motion was filed in the afternoon of October 1.

In short, Kenai is now opposing a motion that it fully approved and largely wrote. There appears to be some confusion within the office of plaintiff's counsel. Notably, the plaintiff's counsel who signed and filed the opposition memorandum was not involved in the drafting of the consent motion or in the discussions regarding its terms. Among the counsel involved in those discussions, there was no agreement on the scope of appropriate discovery going forward. It was, rather, agreed between counsel that a trial continuance would be appropriate and that any debate about the appropriate scope of discovery going forward would be reserved for a later day.

A trial continuance is appropriate and should be granted. As noted in the motion, defendant's shipyard premises were severely damaged in the hurricane. The disruption and the urgent need to attend to rebuilding the business significantly impairs defendants' ability to prepare for a trail on November 8. Just as important, plaintiff should not be permitted to dump essentially all of its damage-support evidence (including expert reports) on the defendants after the discovery period (and well after the expert-report deadline) in order to pursue a trial by ambush.

For these reasons, defendants respectfully submit that the consent motion to continue trial should be granted.

Respectfully submitted,

**HARRIS & RUFTY, L.L.C.**


 **/s/ Alfred J. Rufty, III**
**RUFUS C. HARRIS, III (La. Bar #6638)**
**ALFRED J. RUFTY III (La. Bar #19990)**
**650 Poydras Street, Suite 2710**
**New Orleans, Louisiana 70130**
**Telephone: (504) 525-7500**
**Attorneys for CP Marine Services, LLC**
**and Ten Mile Exchange, LLC**


**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel via e-mail, this _5th day of October, 2021.

 **/s/ Alfred J. Rufty, III**
**ALFRED J. RUFTY, III**