UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KENAI IRONCLAD CORP. | * | CIVIL ACTION |
| VERSUS | * | NO. 19-2799 |
| CP MARINE SERVICES, LLC, ET AL. | * | SECTION "G"  DIV. (2) |

## FINDINGS AND RECOMMENDATION

On May 17, 2022, the Honorable Nannette Jolivette Brown issued Findings of Fact, Conclusions of Law and Reasons for Judgment after conducting a trial without a jury in this matter, issuing judgment in favor of Plaintiff in the amount of $17,580.50, plus, among other things, attorneys' fees.  ECF No. 89, at 20.  Pursuant to 28 U.S.C. § 636(b)(1)(B), Judge Brown referred the determination of reasonable attorneys' fees to the undersigned for a Report and Recommendation.  *Id.*

In accordance with this Court's briefing schedule, Plaintiff filed its motion, with supporting documentation, and Defendant filed an Opposition.  ECF Nos. 91, 104, 112.  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.  Considering the record, the submissions and arguments of counsel, and the applicable law, the undersigned RECOMMENDS that Plaintiff Kenai be awarded $38,831.40 in attorneys' fees for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Kenai Ironclad Corp. ("Kenai" or "Plaintiff") filed suit on March 22, 2019, asserting claims for breach of contract, tortious interference with contractual relations and wrongful vessel seizure and conversion against, among others, Defendants CP Marine Services, LLC ("CP Marine") and Ten Mile Exchange, LLC ("TME") (collectively, "Defendants").  ECF

No. 1.  The claims arise out of a vessel repair contract to convert an offshore supply vessel into a salmon fishing vessel.  ECF No. 89, at 4-6.  Plaintiff alleged CP Marine performed defective work and after it cancelled the contract, CP Marine refused to allow Plaintiff's employees back aboard the vessel and wrongfully seized the vessel.  *Id.* at 3.  Plaintiff alleged that CP Marine's defective work not only constituted breach of contract but resulted in its loss of a salmon fishing charter set to begin on June 25th and for which it was to earn a daily profit of $3,516.10.  *Id.* at 4.

The terms of this oral contract were not reduced to writing, but are reflected in the invoices sent to Kenai by CP Marine.  The work consisted of (1) a "commercial" sandblasting, priming, and painting the hull; (2) installing struts on the bottom of the vessel; (3) repairing hatch covers, replacing a portion of the hull's steel; and (4) installing anodes on the vessel's hull.  *Id.* at 6-8.  In January 2019, Plaintiff's principal viewed the paint work and questioned its quality, requesting a written warranty, which CP Marine refused to give.  *Id.* at 9-10.  Plaintiff paid CP Marine's January 31 and February 7, 2019 invoices and ended the relationship on February 18, 2019.  *Id.* at10.  The next day, Defendants demanded that Plaintiff's crew vacate the vessel and Defendants' shipyard, indicating they would charge $1,000 daily storage fee, and threatened to remove the vessel from dry dock and return it to the water after which they would charge a $5,000 per day vessel storage fee.  *Id.* at 10.  Shortly thereafter, one of Plaintiff's crew members notified Plaintiff that the police had ordered the crew off the vessel.  *Id.* at 10-11.  Defendants then completed the remainder of the work on the vessel and issued a final invoice of $21,435, which Plaintiff paid via check which cleared the bank on February 28, 2019.  *Id.* at 11.  The Court rejected Defendants' assertion that payment by wire was required.  *Id.* at 8-9.

When Plaintiff attempted to pick up the vessel from Defendants' facility on March 5, 2019 aboard the M/V SUPER T, Defendants, using TME's vessel the M/V AUNT DI, rammed into the

SUPER T and prevented Plaintiff from retrieving its vessel. *Id.* Defendant TME then issued an invoice for $20,750 related to the March 5, 2019, ramming incident and demanded payment by wire on or before March 8, 2019, which Defendants' officer (Dardar) admitted at trial was improper. *Id.* at 12-13. Plaintiff relocated its vessel to Tom's Marine and Salvage on March 11, 2019, where it sat waiting for additional parts and repairs (i.e., not part of the scope of repairs requested of Defendants), which parts arrived on April 8, 2019 and repairs were completed on May 11, 2019. *Id.* at 13-14.

After hearing all the evidence, with regard to the breach of contract claim, the Court found that Plaintiff failed to establish that (1) Defendants breached the implied warranty of workmanlike performance; (2) Plaintiff had any contract with Defendant TME; and (3) Defendants' dilatory performance caused the vessel's late arrival to Alaska. *Id.* at 14-16. Thus, the Court found no damages awardable for breach of contract. With regard to the wrongful arrest and conversion claim, however, the court found that Defendants acted in bad faith by improperly detaining the vessel, awarding damages. The court found that punitive damages equal to Plaintiff's charter rate for five days, totaling $17,580.50, with pre- and post-judgment interest, expert fees, court costs and reasonable attorneys' fees, was proper. *Id.* at 18-20.

## II.    THE MOTION FOR ATTORNEYS' FEES

Kenai now seeks to recover $78,017.68 in attorneys' fees and $3,793.53 in costs. ECF No. 104. It argues that, under the lodestar method, its hourly rate and time charged were reasonable, and there is no need for *Johnson* factor adjustment. ECF No. 104-2, at 1-3. Kenai supports its request with Affidavits from the two attorneys who worked on this matter as well as statements reflecting time billed. ECF Nos. 104-3 – 104-5.

Defendants oppose the request, arguing that Plaintiff did not seek punitive damages in the Pretrial Order and did not prevail on the only damages sought (i.e., compensatory damages for breach of contract and lost charter revenue from delayed arrival to Alaska). ECF No. 112, at 1-2. Defendants argue that Plaintiff is not entitled to recover for any time billed related to the issues on which it did not prevail (e.g., the $300,000 compensatory damage claim for breach of contract/deficient workmanship) nor should it recover for time that is inadequately documented, excessive or duplicative. *Id.* at 2-4. Defendants ask that the court determine a reasonable fee award based on Plaintiff's degree of success. *Id.* Defendants also identify specific objectionable time entries and contend that, at most, Kenai should receive 20% of its requested fees given that 80% of the trial testimony related to the claims that it lost. *Id.* at 6-9.

## III.  APPLICABLE LAW AND ANALYSIS

Federal courts routinely use the "lodestar method" to determine attorneys' fee awards as it is the most useful starting point for determining the award for attorney's fees.[1] Courts within the Fifth Circuit recognize the lodestar, not state law, is the proper methodology to address an award of attorneys' fees in maritime contract cases.[2] The lodestar method "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[3]

Although the party seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours reasonably expended and of each attorney's qualifications and skill, the party seeking reduction of the lodestar bears the burden of showing that a reduction is

---

[1] *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 415 (5th Cir. 2022) ("Reasonable attorneys' fees are determined through a two-step process. The district court must first calculate the lodestar. . . then enhance or decrease it after considering the twelve *Johnson* factors.") (citations omitted).
[2] *Supreme Rice, L.L.C. v. Turn Servs., L.L.C.*, 567 F. Supp. 3d 742, 748 (E.D. La. 2021) (citing cases).
[3] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

warranted.[4]  The party challenging the amount of attorneys' fees thus must explain why or how the requested fees are unreasonable.[5]

### A.  **The Lodestar Method**

The lodestar calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services."[6]  In the first step, the court calculates the "lodestar," which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work.[7]  After the lodestar has been determined, the court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), to the extent not included in the reasonable fee analysis, to determine whether any upward or downward adjustments are warranted.[8]  Thus, the lodestar method entails a two-step process: calculation of the lodestar amount and consideration of the *Johnson* factors to assess any adjustment request.

### 1.  **Reasonable Hourly Rate**

The court is not bound by the amount actually charged by the attorney.  Rather, the "appropriate hourly rate . . . is the market rate in the community for this work."[9]  The rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by

---

[4] *Id.* at 433; *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822-23 (5th Cir. 1997); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995).

[5] *See Wegner*, 129 F.3d at 823.

[6] *Hensley*, 461 U.S. at 433.

[7] *Fessler*, 23 F.4th at 415 (citations omitted).

[8] *Cruz v. Maverick County*, 957 F.3d 563, 574 (5th Cir. 2020); *Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993). The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717.

[9] *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)); *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)) (stating that "'reasonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community'")).

attorneys of reasonably comparable skills, experience, and reputation.'"[10]  Satisfactory evidence of the reasonableness of the rate includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits.[11]

For the most part, Plaintiff's counsel charged $290 per hour for both Martin Bohman (a lawyer with 29 years' experience) and Harry Morse (a lawyer with 14 years' experience)[12] and $95 her hour for paralegal support.  ECF No. 104-4.  In support, movant attaches affidavits from Bohman and Morse confirming that these rates are consistent with their published rates charged for similar work in this jurisdiction, and lower than that charged for more complex matters or those in other jurisdictions.  ECF No.  104-3, ¶¶ 6-7; *see also* ECF No. 104-5, ¶ 4.  In Opposition, Defendants do not attack the hourly rates of Bohman, Morse or their paralegal.  *See* ECF No. 112.

When the hourly rate charged is not opposed, it is prima facie reasonable.[13]  I find that a rate of $290 per hour for Bohman and Morse fall within the range of prevailing rates of attorneys in the community.[14]  These reasonable rates will be applied in the lodestar calculation.

---

[10] *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, No. 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)).

[11] *Blum*, 465 U.S. at 896 n.11; *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *3.

[12] Some entries reflect lower rates ($250 and $225), but no entry exceeds $290.  *See, e.g.*, ECF No. 104-4, at 3, 11.

[13] *Kellstrom*, 50 F.3d at 328; *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990) (citation omitted); *White v. Imperial Adjustment Corp*., No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (holding that attorney's requested hourly rate is prima facie reasonable when it is the customary billing rate, the rate is within the range of prevailing market rates and the rate is not contested).

[14] *REC Marine Logistics, L.L.C. v. Richard*, No. 19-11149, 2020 WL 1527766, at *3 (E.D. La. Mar. 27, 2020) (finding $375.00 an hour for attorney with 13 years' experience reasonable); *RSDC Holdings, LLC v. M.G. Mayer Yacht Servs., Inc*., 429 F. Supp. 3d 238, 243 (E.D. La. 2019) (awarding the requested $300 and $225 per hour for attorneys with 40 and 6 years' experience, respectively); *McGee v. Tregre*, No. 18-3341, 2019 WL 3308324, at *4 (E.D. La. Feb. 11, 2019) (approving $375.00 an hour for attorney with 41 years' experience); *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding $375.00 per hour to be reasonable for a partner with 35 years of experience and $200 per hour for attorney with 5 years of experience); *Alfasigma USA, Inc. v. EBM*, No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Warder v. Shaw Grp., Inc*., 2016 WL 3447950, at *2-3 (E.D. La. June 23, 2016) (awarding hourly rates of $325 and $300 for attorney with 20 and 14 years of complex commercial litigation experience); *Adams v. City of New Orleans*, No. 13-6779, 2015 WL 4606223, at *3 (E.D. La. July 30, 2015) (rate of $350 per hour reasonable for an attorney with 29

## 2. Documentation of Hours Reasonably Expended and Billing Judgment

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation of the hours reasonably expended and demonstrating the use of billing judgment.[15]  The use of "block billing" makes "it impossible for the court to determine the reasonableness of the hours spent on each task," justifying a percentage reduction of the claimed award.[16]

Further, only work of a legal nature is compensable.[17]  Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[18]  Clerical or secretarial costs, whether performed by

---

years of experience*); EnVen Energy Ventures, LLC v. Black Elk Energy Offshore* Operations, LLC, 2015 WL 3505099, at *2-3 (E.D. La. June 3, 2015) (finding hourly rates of $325 for attorney with 20 years of experience, $300 for attorney with 10 years of experience, and $275 for attorney with 7 years of experience to be reasonable); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, No. 10-4151, 2014 WL 5039670 (E.D. La. Sept. 25, 2014) (affirming finding that $325 an hour, $275 an hour and $225 an hour were reasonable rates for attorneys with 19, 7, and 4 years of experience, respectively); *Who Dat Yat Chat, LLC v. Who Dat, Inc*., 838 F. Supp. 2d 516, 520 (E.D. La. 2012) (finding reasonable $325 an hour for attorney with 28 years of experience, $250 per hour for attorney with 16 years of experience, $200 per hour for attorneys with 9-10 years of experience and $175 per hour for attorneys with 3-4 years of experience*); Foley v. SAFG Ret. Servs., Inc*., 2012 WL 956499, at *2 (E.D. La. Mar. 20, 2012) (finding hourly rates of $350 for partner/member with over 30 years of experience, and $275 for associate with over eight years of experience to be reasonable); *Bd. of Supervisors of La. State Univ. v. Smack Apparel Co*., 2009 WL 927996, at *4 & *7 (E.D. La. Apr. 2, 2009) (finding that $325 an hour was reasonable for attorney with 10 years of experience in a specialty practice and 29 years of unspecialized legal experience); *Johnson*, 639 F. Supp. 2d at 701-02 (E.D. La. 2009) (finding hourly rate of $300 for partners to be within the customary range of rates in the New Orleans area).

[15] *Creecy v. Metro. Prop. & Cas. Ins. Co*., 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins.*, 129 F.3d 814, 822 (5th Cir. 1997)); *see also Hensley*, 461 U.S. at 433 (stating party seeking fee bears burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought).

[16] *Source Prod. & Equip. Co. v. Schehr*, No. 16-17528, 2020 WL 6075895, at *6 (E.D. La. Oct. 15, 2020) (citing *Rodney v. Elliot Sec. Sols., LLC*, 2020 WL 4756490, at *8 (E.D. La. July 30, 2020) (quoting *Canon U.S.A., Inc. v. S.A.M., Inc*., 2009 WL 35334, at *4 (E.D. La. Jan. 6, 2009))).

[17] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."  *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989).

[18] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent on clerical matters (e.g., e-filing documents, copying and Bates-numbering documents)); *Fleming v. Elliot Security Solns, LLC*, No. 19-2348, 2021 WL 4908875, at *9 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).

an attorney or paralegal, are part of office overhead and reflected in the billing rates.[19]  When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged for such tasks.[20]  Likewise, travel time is often reduced by 50% of the attorney's rate absent evidence that any legal work was accomplished during travel time.[21]

The court must also exclude excessive, duplicative, or inadequately documented time.[22] "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized."[23]  Likewise, unsuccessful, futile or wasteful litigation efforts are typically not allowed because such fees cannot be characterized as reasonable,[24] which the Fifth Circuit regularly recognizes in affirming awards that reflect such deductions.[25]

The party seeking fees must demonstrate the exercise of billing judgment, which refers to the usual practice of writing off unproductive, excessive, or redundant hours.[26]  "Ideally, billing judgment is reflected in the fee application, showing not only hours claimed, but hours written

---

[19] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, M.J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).
[20] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).
[21] *See, e.g.*, *Watkins*, 7 F.3d at 459*; In re Babcock & Wilcox Co.*, 526 F.3d 824, 828 (5th Cir. 2008) (citing cases).
[22] *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (citation omitted); *see also Hensley*, 461 U.S. at 434 ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, and otherwise unnecessary . . . .").
[23] *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 535 (5th Cir. 1986) (citation and quotation omitted); *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 703 (E.D. La. 2009) (Vance, J.) (recognizing propriety of reducing award for time spent on unsuccessful motions for summary judgment and to compel discovery); *accord Phila. Indem. Ins. Co. v. SSR Hosp., Inc.*, 459 F. App'x 308, 317 (5th Cir. 2012); *Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).
[24] *See, e.g.*, *Rubio v. C.R. Contractors, LLC,* No. 16-13908, 2017 WL 3521567, at *2 (E.D. La. Aug. 16, 2017) ("When using the lodestar method to award attorney fees, courts routinely deduct time spent on unsuccessful, unfounded or unnecessary pleadings, motions, discovery requests and memoranda.") (citing *White v. Imperial Adjustment Corp.,* No. 99-3804, 2005 WL 1578810, at *11 (E.D. La. June 28, 2005)); *see also Jason D.W v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 211 (5th Cir. 1998) (finding court did not abuse discretion in reducing fees for time spent pursuing unsuccessful claim and to reflect limited success on other issues); *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 799-800 (S.D. Tex. 2009) (deducting for defendants' attorney's time spent pursuing claims that did not overlap with successful claim), *aff'd*, 381 F. App'x 449 (5th Cir. 2010).
[25] *See Leroy v. City of Houston*, 906 F.2d 1068, 1084 (5th Cir. 1990) (reducing award because of hours allocable to issues on which plaintiffs were unsuccessful).
[26] *Walker v. U.S. Dept. of Hous. & Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996).

off."[27]   The burden is on the party seeking the fee award to prove that they exercised billing judgment.[28]   "The proper remedy when there is no evidence of billing judgment is to reduce the hours awarded by a percentage intended to substitute for the exercise of billing judgment."[29]   As an alternative to reducing the hours awarded as a percentage, the court may exclude hours that were not reasonably expended and/or conduct a line-by-line analysis of the time report.[30]   "[T]he district court is not required 'to achieve auditing perfection,' as '[t]he essential goal in shifting fees (to either party) is to do rough justice.'"[31]   Indeed, the court need not explicitly calculate the lodestar to make a reasonable award.[32]

### 3.  Time Spent on Unsuccessful Claims

"[W]ork on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved' . . . and therefore no fee may be awarded for services on [an] unsuccessful claim."[33]   If recoverable fees are capable of being segregated from unrecoverable fees, even if difficult, the party seeking recovery must segregate unrecoverable fees.[34]   If unrelated to the successful claims, the unsuccessful claims must be treated as if they had been raised in separate lawsuits and excluded from the fee award.  When a successful party incurs costs for a

---

[27] *See Alberti v. Klevenhagen*, 896 F.2d 927, 930 (5th Cir.1990), *vacated in part on other grounds*, 903 F.2d 352 (5th Cir. 1990).
[28] *Walker*, 99 F.3d at 770.
[29] *Id.*; *see also United States ex rel McNeil v. Jolly*, 451 F. Supp. 3d 657, 670 (E.D. La. 2020) ("If a party fails to provide sufficient evidence of billing judgment, the proper remedy is 'a reduction of the award by a percentage intended to substitute for the exercise of billing judgment.'") (citing *Saizan v. Delta Concrete Prod. Co.*, 448 F.3d 795, 799 (5th Cir. 2006)); *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'") .
[30] *See Fleming v. Elliot Securit Solns, LLC*, No. 19-2348, 2021 WL 4908875, at *5 (E.D. La. Oct. 21, 2021) (citing *Hensley*, 461 U.S. at 434; *Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002)).
[31] *DeLeon v. Abbott*, 687 F. App'x 340, 343 (5th Cir. 2017) (citations omitted).
[32] *No Barriers, Inc.*, 262 F.3d at 500–01 (citing *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).
[33] *Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022) (citing *Hensley*, 461 U.S. at 435).
[34] *Varco Pruden Bldgs.*, 161 F.3d at 922.

claim that involves a common core of facts or will be based on related legal theories as another claim, and counsel's time is devoted to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis, the court need not segregate fees.[35]

When unsuccessful claims share a common core of facts or related legal theories and cannot be disentangled, the court's focus must shift to the results obtained and adjust the award accordingly.[36] There is no precise rule or formula for this determination; the court may attempt to identify specific hours that should be eliminated or it may simply reduce the award to account for the limited success.[37] The court should focus on the significance of the overall relief obtained in relation to the hours reasonably expended on the litigation.[38] The Court need not, however, mechanically apportion the fee award on the basis of success or failure on particular issues.[39] That said, federal courts authorize a percentage reduction of overall fees when a fee award is due on a claim that is so intertwined with another claim that the time cannot be segregated.[40]

### 4. Paralegal Time

To recover for paralegal or law clerk fees, the services rendered must be legal in nature, or

---

[35] *Mota v. University of Texas Houston Health Science Center*, 261 F.3d 512, 528 (5th Cir. 2001); *see also Cashman Equip. Corp. v. Smith Marine Towing Corp.*, No. 12-945, 2013 WL 122290378 (E.D. La. June 27, 2013) (holding that prevailing party may recover fees incurred in pursuing or defending against intertwined claims when the claims include a common core of facts or are based on related legal theories linking them to the successful claim) (quotations omitted); *United States for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919-20 (5th Cir. 1998) (party who won claim for costs of extra work but lost claims for delay damages, fraud and misrepresentation was not required to segregate fees for the successful versus unsuccessful claims because the claims arose out of the same transaction and were so interrelated that their prosecution or defense entailed proof or denial of essentially the same facts); *In re Snook*, 168 F. App'x 577, 580 (5th Cir. 2006) (applying Texas law to find that a party entitled to all fees incurred in pursuing claims arising out of the same transaction and whose facts are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts) (citations omitted).

[36] *Fessler*, 23 F.4th at 416 (citations omitted) (citing *Hensley*, 461 U.S. at 435–36 (noting that "[t]he district court may attempt to identify specific hours that should be eliminated"); *Kellstrom*, 50 F.3d at 327 n.13 (quotation omitted)).

[37] *Hensley*, 461 U.S. at 436–37.

[38] *Id.* at 435; *see also Nash v. Chandler*, 848 F.2d 567, 572-73 (5th Cir. 1988).

[39] *Hensley*, 461 U.S. at 438.

[40] *See, e.g., Navigant Consulting, Inc. v. Wilkinson*, No. 3:02-2186, 2006 WL 2437882, at *2 (N.D. Tex. Aug. 22, 2006) (reducing fees by 40% where successful claims were inextricably intertwined with unsuccessful claims).

work traditionally performed by an attorney.[41]  Work that is legal in nature includes, for example, "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."[42]  That work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[43]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[44]  Thus, when an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[45]

### 5. Analysis of Reasonable Hours Expended and Exercise of Billing Judgment

Although Defendants do not attack the billing rates, they attack certain entries and further appear to argue that Kenai has failed to exercise billing judgment insofar as it charges for time spent related to unsuccessful claims.

#### a. Billing Judgment

Kenai's invoice reflects some minimal exercise of billing judgment via its reduction of charges to $0 for fourteen entries, totaling 2.1 hours of its 263.9 hours of submitted time.  Other the time entries include time spent on the unsuccessful claims or motions as well as vague entries from which the Court cannot discern whether the time relates to successful or unsuccessful claims.

---

[41] *See Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325 n. 1 (5th Cir. 1980); *Warder v. Shaw Grp., Inc.*, No. CV 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016).
[42] *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989); *see also Warder v. Shaw Grp., Inc.*, No. 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016) (citing *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (recognizing that work traditionally performed by an attorney includes digesting depositions, collating, marking and indexing exhibits, and preparing and arranging for service of subpoenas)).
[43] *See Lalla*, 161 F. Supp. 2d at 710–11; *Kuperman*, 2009 WL 10737138, at *9.
[44] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (Africk, Mag. J.) (reducing hours billed for time attorney sent faxing documents) (citations omitted).
[45] *Kuperman*, 2009 WL 10737138, at *9 (citation omitted).

The following entries appear to relate directly to the successful wrongful seizure claim or were incurred during the period when Plaintiff's vessel was improperly seized (i.e., March 8-11, 2019):

| Date | Description | Time | Total Charged ($) | Allowed ($) |
|---|---|---|---|---|
| 03/05/2019 | Telephone calls (multiple) with Levi re: New issues concerning Iron Don seizure | 0.60 | 174.00 | 174.00 |
| 03/06/2019 | Telephone conference with Levi and Austin Re: Seizure / Blockade and litigation with CP Marine Services | 0.70 | 203.00 | 203.00 |
| 03/06/2019 | Telephone call with Levi (1:52pm) call concerning CP Marine Services and status. | 0.30 | 87.00 | 87.00 |
| 03/06/2019 | Telephone call with Austin Adler re: Status of USCG visit and issues concerning drone footage. | 0.10 | 29.00 | 29.00 |
| 03/06/2019 | Telephone conference (11:47am) with Levi and Austin | 0.50 | 145.00 | 145.00 |
| 03/06/2019 | Telephone call with Levi after Review of Drone footage and review of same. | 0.30 | 87.00 | 87.00 |
| 03/06/2019 | Telephone call with OMC Contact re: reporting requirements for 2692; Email to Levi advising of reporting requirements for marine casualty with link to USCG form 2692 | 0.30 | 87.00 | 87.00 |
| 03/06/2019 | Correspondence CP Marine through agents, etc. demanding release of M/V Iron Don setting 5pm deadline. | 0.40 | 116.00 | 116.00 |
| 03/07/2019 | Generation of Litigation Hold Letter and dissemination to appropriate parties. | 0.60 | 174.00 | 174.00 |
| 03/07/2019 | Review of Statements (in copy) in connection with Form 2692 | 0.20 | 58.00 | 58.00 |
| 03/07/2019 | Telephone call with Joe Dardar | 0.20 | 58.00 | 58.00 |
| 03/07/2019 | Telephone conference with Levi & Austin Adler re: Various issues concerning settlement and potential for resolution of issue in light of Joe Dardar's offer. | 1.30 | 377.00 | 377.00 |

| 03/07/2019 | Telephone conference with Levi & Austin Adler re: Various issues concerning settlement and potential for resolution of issue in light of Joe Dardar's offer. | 1.30 | 377.00 | 377.00 |
|---|---|---|---|---|
| 03/08/2019 | Review of Damages email sent by Levi in reposes to our query detailing damages to Iron Don | 0.10 | 29.00 | 29.00 |
| 03/08/2019 | Preparation of settlement letter (draft) to CP Marine Services, LLC | 0.90 | 261.00 | 261.00 |
| 03/08/2019 | Telephone conference (multiple) with Austin and Levi Re: Status. | 0.80 | 232.00 | 232.00 |
| 03/08/2019 | Telephone call with Levi re: settlement offer. | 0.10 | 29.00 | 29.00 |
| 03/08/2019 | Finalized settlement letter; Email to Dardar re: settlement | 0.10 | 29.00 | 29.00 |
| 03/09/2019 | Review of correspondence sent by email from Sammy Vaughn re: availability of vessel. Email forwarding same to Levi and Austin (Issues concerning detention / arrest) | 0.10 | 29.00 | 29.00 |
| 03/10/2019 | Review of documents forwarded by Levi into dropbox; Email to Sammy Vaughn Re: Vessel release. | 1.10 | 319.00 | 319.00 |
| 03/11/2019 | Telephone call with Austin & Levi; Review of photos showing blockaded vessel; Email to CP Marine re: same with accompanying request for access. | 0.30 | 87.00 | 87.00 |
| 03/11/2019 | Conference with Al Rufty, counsel for CP Marine Services and review of video, etc. showing blockaded vessel (in office) | 0.20 | 58.00 | 58.00 |
| 03/12/2019 | Review of Police Report; Email to Austin and Levi Re: same and status of vessel release and denial of access | 0.10 | 0.00 | 0.00 |
| 01/03/2020 | Telephone conference with Matthew Pivach, counsel for John Phillips (Re Dmages sustained on ramming incident and statement from John Concerning same.) | 0.30 | 87.00 | 87.00 |
| 01/03/2020 | Review of drone footage and photographs; Email to Matt Pivach re: same showing detention and arrest of vessel. | 0.30 | 87.00 | 87.00 |
| 04/28/2020 | Review of and documentation request from NVDC on Aunt Di | 0.20 | 58.00 | 58.00 |

| 06/24/2021 | Email to Jonathan Tingley re: Witness statements | 0.10 | 29.00 | 29.00 |
| | | | TOTAL | $3306.00 |

Likewise, the following entries reflect time spent on matters that would have been incurred regardless of the unsuccessful claims joined with the successful claims:

| Date | Description | Time | Total Charged ($) | Allowed ($) |
|---|---|---|---|---|
| 03/10/2019 | Researched and prepared draft Complaint against CP Marine Holdings and Joseph Dardar. | 3.50 | 1015.00 | 1015.00 |
| 03/12/2019 | Telephone conference with Levi Re: Various Issues concerning suit and timing issues once filed. | 0.60 | 174.00 | 174.00 |
| 03/18/2019 | Email to Levi and Austin forwarding revised draft of Complaint | 0.10 | 0.00 | 0.00 |
| 03/20/2019 | Revisions to complaint; Email to clients forwarding revised complaint | 0.60 | 174.00 | 174.00 |
| 05/30/2019 | Review of file; Service Requests for Waiver; Email to Ashley re: requesting summons be issued by clerk | 0.30 | 87.00 | 87.00 |
| 11/27/2019 | Conference in office with Alfred Rufty Re: Issue of timing of responsive pleadings from his client's end. | 0.20 | 58.00 | 58.00 |
| 11/27/2019 | Response to email from Levi regarding status. | 0.10 | 29.00 | 29.00 |
| 03/06/2020 | Telephone call with Levi Adler | 0.40 | 116.00 | 116.00 |
| 05/12/2020 | Scheduling Conference with Chambers; Trial and PTC conference set; Review of file; Preparation and filing of three Notices of Dismissal | 0.80 | 232.00 | 232.00 |
| 05/13/2020 | Reviewed & Calendared 29 dates per Scheduling Order and Pretrial Notice (R.Doc 19) | 1.00 | 95.00 | 95.00 |
| 05/29/2020 | Email to Alfred Rufty forwarding Rule 26(a) mandatory disclosures (Brief - No Charge) | 0.10 | 0.00 | 0.00 |
| 12/31/2020 | Created Motion (Unopposed Extension of Deadlines) with Order for MSB review | 0.50 | 47.50 | 47.50 |
| 03/02/2021 | Scheduling conference attendance (Court Mandated) | 0.20 | 58.00 | 58.00 |

| Date | Description | Hours | Rate | Amount |
|---|---|---|---|---|
| 03/05/2021 | Rescheduled all Clio Calendar dates with the updated Scheduling order issued 03/02/2021. | 1.00 | 95.00 | 95.00 |
| 04/13/2021 | Updated Joint Status report for review/ submission - due 04.16.2021 | 0.17 | 16.15 | 16.15 |
| 09/29/2021 | Email to Judge Currault attaching settlement conference position paper and exhibits in connection with upcoming Settlement Conference. | 0.10 | 29.00 | 29.00 |
| 10/04/2021 | Zoom Settlement Conference with parties and Judge Currault. | 0.70 | 203.00 | 203.00 |
| 10/06/2021 | Email to counsel for CP Marine re: Pre-Trial conference for stipulations, etc. | 0.10 | 29.00 | 29.00 |
| 10/06/2021 | Review of Scheduling order and Standing Pre- Trial Notice for issues relating to confection of PTO and initial preparation of same; Scheduling of Conferences with Counsel; Review of file (brief) in connection therewith. | 0.30 | 87.00 | 87.00 |
| 10/08/2021 | Pre-Trial Conference with Alfred Rufty, counsel for CP Marine, re: Pre-Trial Order. | 0.50 | 145.00 | 145.00 |
| 10/13/2021 | Status Conference (Zoom) with Judge Brown | 0.50 | 145.00 | 145.00 |
| 10/22/2021 | Legal Research on Rule 26(C) disclosure requirements; Review of Cases from E.D.L.A re: same; Review of Judge Brown Scheduling Order re: Local Modifications | 0.90 | 261.00 | 261.00 |
| 10/22/2021 | Preparation of Supplemental Initial Disclosures | 1.20 | 348.00 | 348.00 |
| 11/22/2021 | Review of Notice of Deposition, not in proper form, sent by Lisa Price on behalf of Alfred Rufty. | 0.10 | 0.00 | 0.00 |
| 02/01/2022 | Review of Zoom invitation from Chambers; Email to Chambers re: timing and review of and reply thereto. | 0.10 | 29.00 | 29.00 |
| 02/01/2022 | Preparation for and participation in Final Pre- Trial Conference | 0.70 | 203.00 | 203.00 |
| 02/07/2022 | Called Case Manager to establish appoint to meet and review courtroom equipment to be used in trial | 0.10 | 9.50 | 9.50 |
| | | | TOTAL | $3685.15 |

Accordingly, Plaintiff has established the propriety of the preceding charges in their entirety.

The following entries appear to relate to the unsuccessful claims for breach of contract and delay damages for interference with contract or unsuccessful motion practice and thus should be excluded from the lodestar:

| Date | Description | Time |
|---|---|---|
| 03/15/2019 | Telephone call with Austin Re: Status of Vessel and Issues concerning weld failure proof and other damages | 0.50 |
| 02/19/2020 | Review of file and docket; Preparation of Motion for Entry of Default and accompanying affidavit. | 0.80 |
| 02/21/2020 | Drafting of Order for Entry; Finalized and filed Request for Entry of Judgment as to CP Marine Services, LLC | 0.60 |
| 04/05/2021 | Legal research on failure to make initial disclosures after repeated requests to counsel for CP are unanswered; Review in preparation for court relief application / motion. | 1.90 |
| 06/09/2021 | Preparation of Motion to Compel; Memorandum in Support of Motion to Compel Initial disclosures and associated pleadings; Filing of Same via CM/ECF | 2.30 |
| 06/29/2021 | Preparation and filing of Motion to Withdraw Motion to Compel Initial Disclosures after receipt and review of same. | 1.90 |
| 10/13/2021 | Preparation of Motion to Strike; Memorandum in Support of Motion to Strike and Notice of Submission. | 2.10 |
| 10/29/2021 | Email to Alfred Rufty forwarding Rule 26(a)(2)(C) pleading with attached letter. | 0.10 |
| 10/29/2021 | Drafting of Rule 26 non-retained expert disclosure pleading. | 0.30 |
| 10/29/2021 | Drafting of Expert Non Retained Correspondence to Counsel. | 1.10 |
| 10/29/2021 | Telephone conference with Austin Adler | 0.20 |
| 11/22/2021 | Review of Memorandum in Support of Motion for Protective Order prepared by HEM | 0.10 |
| 11/23/2021 | Review of file and Generation of Memorandum in Opposition to Motion to Compel with Exhibits; | 4.20 |
| 11/23/2021 | Legal Research in connection with Motion to Compel; Review of cases decided by Judge Donna Carrault principally and others in EDLA concerning scope of discovery and standard in opposition to Motions to Compel. | 1.20 |
| 11/29/2021 | Prepared/Filed Motion for Protective Order - Defended position with Magistrate Judge & Opposing Counsel during Conference Call | 1.50 |

16

| 12/07/2021 | Email to Levi and Austin re: Issue concerning Stabbert Marine | 0.10 |
| 12/07/2021 | Email to Brian at Stabbert Re: Deposition Availability. | 0.10 |
| 12/07/2021 | Telephone conference with Brian Galbraith | 0.40 |
| 12/10/2021 | Email to and review of reply from Brian Galbraith re: deposition | 0.10 |
| 01/06/2022 | Review and analysis of deposition of Brian Galbraith | 0.90 |

Likewise, the following entries reflect time spent on clerical matters that should be considered overhead, regardless of whether performed by an attorney or paralegal, and thus excluded in their entirety:

| Date | Description | Time |
|------|-------------|------|
| 03/07/2019 | Opening of file and generation of engagement letter with email to Levi re: same. | 0.40 |
| 03/22/2019 | Initiation and filing of New Case; USDC, EDLA, Review of exhibits and completion of Civil Cover Sheet | 0.70 |
| 04/08/2019 | Prepared AO398 & AO399 along with enclose letter forwarded to MSB for review.<br>5 total waivers/letters prepared and certified mailed 4/09/19. | 0.70 |
| 05/31/2019 | Prepared Request for Issuance of Summons - 2 pages - forwarded to MSB for review/ submission | 0.30 |
| 06/04/2019 | Review of various summons; CM/ECF re-filing of summons as per clerk's request | 0.20 |
| 06/26/2020 | Filing of Joint Status report via CM/ECF | 0.30 |
| 08/25/2021 | Bates Labeled Charter Agreement & Emailed to all counsel. | 0.20 |
| 09/09/2021 | Call to Judge Curraults Chambers for Settlement Conference Dates. Email to all counsel coordinating a date. Call to Judges chambers with agreed upon date. Calendared 3 deadlines relating to the scheduled conference upon issuance of Order [40]. | 0.50 |
| 09/10/2021 | Bates labeled documents referenced in Kenai Response to 1st RFP. Updated Response. Placed all documents in DropBox Shared folder. Emailed all counsel. | 1.00 |
| 01/27/2022 | Pulled Exhibits that CPM objected to. Pulled email chain/read receipts/proof of production. Compiled into one document - forwarded to HEM/MSB for review | 1.00 |
| 02/02/2022 | Prepared Trial Subpoenas for Mark Shiffer and Brandon Taravella. | 0.20 |

| 02/02/2022 | Reviewed 46 documents for redaction, Redacted info from 16. | 1.60 |
|---|---|---|

    The following entries reflect time spent on matters relating to both the successful and unsuccessful claim, block billing, or that contain vague descriptions that fail to provide sufficient information to allow the Court to determine whether the time spent related to the successful wrongful seizure claim, the unsuccessful contract/delayed delivery claim or both:

| Date | Description | Time | Total Charged ($) |
|---|---|---|---|
| 03/18/2019 | Review of invoices and assessment for attachment to Complaint; Additional legal research on SBE cases in Maritime context and damages at Equity for wrongful seizure; Revised and continued drafting of Complaint; Telephone conference with Austin Re: Certain Facts for inclusion in complaint and representation of John Phillips. | 4.10 | 1189.00 |
| 03/19/2019 | Telephone conference with Levi and Austin Re: Initial Draft of Complaint (discussion of damages component for wrongful arrest and detention. | 1.60 | 464.00 |
| 06/04/2019 | Review of forms prepared by Ashley for accuracy; Revisions and execution of same; Filing into CM/ECF record request for waiver; Email to clients with status on service. | 0.50 | 145.00 |
| 03/06/2020 | Telephone call with Levi Adler | 0.40 | 116.00 |
| 05/18/2020 | Review of initial disclosure requirements; Email to and from Alfred Rufty re: mutual extension of time to file initial disclosures; Email to Levi Adler re: same. (No Charge for review and write off of balance) | 0.50 | 0.00 |
| 05/19/2020 | Review of file; Preparation and filing of Motion and Order to Extend Rule 26 disclosure deadline. | 0.90 | 261.00 |
| 05/29/2020 | Preparation and filing of corporate disclosures statement. | 0.30 | 87.00 |
| 05/29/2020 | Review of file materials; Preparation of Rule 26 Initial Disclosures; Emails to and from Levi re: Same; Dissemination of Final Draft for Comment. | 2.90 | 841.00 |
| 05/29/2020 | Telephone conference with Levi Adler re: Rule 26 Disclosures | 0.50 | 145.00 |
| 06/10/2020 | Created Draft/Outline for Joint Status Report Due to the court 6/26/20 for MSB review & editing. | 0.50 | 47.50 |

| 06/26/2020 | Review of proposed Join Status Report and Revisions thereto prior to filing; Email of same to Counsel for CP, et al. | 1.00 | 290.00 |
|---|---|---|---|
| 01/07/2021 | Created Draft Witness & Exhibit list based on client documents. Forwarded to MSB for review/revision. Submission Due 02/01/2021 | 1.00 | 95.00 |
| 06/02/2021 | Review of file for information on Tingleys (witnesses); Email to Levi re: same. Setting up Zoom interview re: same. Witness on board at time of expulsion and detention. Drone operator John Tingley. | 0.50 | 145.00 |
| 06/15/2021 | Review of initial disclosures from defendants. | 0.30 | 87.00 |
| 06/15/2021 | Email to Levi re: Documents needed | 0.10 | 29.00 |
| 08/11/2021 | Review of discovery notice and Notice of 30(b)(6) deposition. | 0.30 | 87.00 |
| 08/20/2021 | Follow up email to Levin concerning missing documents for production, initial disclosures. | 0.10 | 29.00 |
| 08/23/2021 | Email to Levi Adler forwarding discovery in advance of discussion re: same. | 0.10 | 29.00 |
| 08/23/2021 | Review of file and preparation of witness and exhibit list and filing of same with CM/ECF; Court mandated. | 1.20 | 348.00 |
| 08/23/2021 | Email to client, Levi Adler, forwarding witness list with discussion of documents. | 0.10 | 29.00 |
| 08/24/2021 | Telephone conference with Levi Adler re: Corporate Deposition and Discovery responses; Missing Documents needed for production; Location of Witnesses for upcoming trial. | 0.80 | 232.00 |
| 08/24/2021 | Review of Charter Agreement sent by Levi for inclusion into discovery responses supporting delay damage claim for arrest / detention of vessel. | 0.30 | 87.00 |
| 08/25/2021 | Email to counsel Al Rufty re: date for corporate deposition and associated discovery issues. | 0.10 | 29.00 |
| 09/10/2021 | Review of file and documents; Revisions to draft of Requests for Production and Generation of same and final objections. | 1.30 | 377.00 |
| 09/15/2021 | Detailed email to Levi concerning upcoming settlement conference and settlement offer with computation of damages. Review of and attachment of Rec Doc 40. | 0.40 | 116.00 |
| 09/21/2021 | Telephone conference with Levi Adler re: New documents produced; Damages and Settlement to defendants, Court mandated. | 1.00 | 290.00 |
| 09/21/2021 | Review and analysis of new materials dropped into dropbox in connection with case; Review of relevance and discovery. | 0.90 | 261.00 |

| 09/22/2021 | Review of file, initial pleadings, etc.; Drafting of Settlement letter to counsel for defendants. | 1.30 | 377.00 |
|---|---|---|---|
| 09/22/2021 | Email to Alfred Rufty forwarding court ordered settlement letter. | 0.10 | 29.00 |
| 09/22/2021 | Email to Kenai (Levi Adler) re: status report. | 0.10 | 29.00 |
| 09/28/2021 | Email to Levi Adler forwarding Zoom information for settlement conference on October 4; Review of same and calendaring; Review of Order from Judge Currault re: Settlement Position Paper (Brief - No Charge) | 0.10 | 0.00 |
| 09/28/2021 | Review of new damage photos for production; Review of existing RFPs from CP Marine to Kenai for responsiveness; Email to ACF re: production of documents moved from client dropbox to Box for production. | 0.50 | 145.00 |
| 09/28/2021 | Review of discovery responses prepared by ACF prior to sending; Email concerning same; Review of email from Levi Adler re: upcoming settlement conference. | 0.10 | 29.00 |
| 09/29/2021 | Email to Levi Adler re: Settlement Conference Position. | 0.10 | 29.00 |
| 09/30/2021 | Telephone call with Alfred Rufty | 0.20 | 58.00 |
| 09/30/2021 | Telephone call (follow up) with Alfred Rufty | 0.10 | 0.00 |
| 10/01/2021 | Lengthy efforts to resolve a dispute with the defendant regarding a potential trial continuance and discovery. | 1.20 | 348.00 |
| 10/04/2021 | Status report to Levi Adler | 0.30 | 87.00 |
| 10/04/2021 | Telephone call with Levi Adler | 0.20 | 58.00 |
| 10/04/2021 | Telephone call with HEM re: Rufty Misrepresentation and email chain/Agreement; Preparation of Brief Memorandum in Opposition to Motion to Continue and filing of same. | 0.60 | 174.00 |
| 10/07/2021 | Review of email from Alfred Rufty concerning conference between counsel | 0.10 | 29.00 |
| 10/07/2021 | Comprehensive file review and Initial Preparation of draft pre-trial Order. | 1.80 | 522.00 |
| 10/08/2021 | Email to Alfred Rufty in response to his concerning conference. | 0.20 | 58.00 |
| 10/08/2021 | Continued drafting of Pre-Trial Order and review of documents | 3.40 | 986.00 |
| 10/12/2021 | Review of and reply to Alfred Rufty concerning status of inserts for Pre-Trial Order | 0.10 | 29.00 |
| 10/13/2021 | Review of CP Marine Proposed revision to PTO and comments and revisions to same. Email to counsel for CP Marine forwarding Revision Draft 3 | 0.90 | 261.00 |

| 10/18/2021 | Email to Levi Re: vessel profit calculations; delay damage component and loss of revenue for arrest/detenton and expulsion for vessel. | 0.10 | 29.00 |
|---|---|---|---|
| 10/18/2021 | Review of and reply to multiple email from opposing counsel re: 37.1 discovery conference; Preparation for Discovery conference set by counsel for CP Marine and then not attended. Email to reschedule same. | 0.40 | 116.00 |
| 10/19/2021 | Detailed review of file and drafting / generation of Requests for Production and Interrogatories to CP Marine Service, LLC. | 2.60 | 754.00 |
| 10/19/2021 | Rule 37.1 conference. | 0.70 | 203.00 |
| 10/19/2021 | Email to counsel for CP Marine re: Status of Rule 37.1 conference. | 0.10 | 0.00 |
| 10/20/2021 | Email to Kenai scheduling conference call for 4:00 pm to discuss damages and expert retention. | 0.10 | 29.00 |
| 10/20/2021 | Review of file in preparation for conference call with clients. | 0.80 | 232.00 |
| 10/20/2021 | Preparation for and conference with Levi and Austin Adler re: Case evaluation; discovery, etc. in light of continuance. | 3.10 | 899.00 |
| 10/21/2021 | Telephone call with Austin Adler re: Patty Stout | 0.10 | 29.00 |
| 10/21/2021 | Review of lengthy email from Alfred Rufty concerning discovery issues. | 0.10 | 29.00 |
| 11/08/2021 | Prepared outline for (7) Interrogatories for Response & (8) Requests for Production (9-16). | 0.20 | 19.00 |
| 11/12/2021 | Updated Witness and Exhibit list based on Supplemental Initial Disclosures. | 0.20 | 19.00 |
| 11/18/2021 | Updated DRAFT Joint Status Report and forwarded to MSB/HEM for review/revision. | 0.20 | 19.00 |
| 11/18/2021 | Review of supplemental documents; Vessel and Engineer Logs; Review of discovery in preparation for Supplemental Responses. | 2.10 | 609.00 |
| 11/19/2021 | Preparation of Supplemental Responses to Request for Production of Documents. | 0.90 | 261.00 |
| 11/19/2021 | Telephone conference with Austin Adler re: Various Issues concerning recently provided documentation and transit from LA to AK | 0.30 | 87.00 |
| 11/19/2021 | Correspondence to Alfred Rufty concerning 30(b)(6) deposition of Kenai | 0.20 | 58.00 |
| 11/19/2021 | Revisions to Pre-Trial Order to confirm with Updated Discovery and Damage Calculations; Calculations based on fuel usage, etc. | 1.50 | 435.00 |
| 11/19/2021 | Review of Supplemental Initial Disclosures and brief modification thereto. | 0.20 | 58.00 |
| 11/19/2021 | Revisions to Exhibit & Witness List | 0.20 | 58.00 |

| 11/24/2021 | Revisions to Draft of Joint Status Report; Email of same to counsel for CP Marine. | 0.30 | 87.00 |
|---|---|---|---|
| 11/26/2021 | Review of Rule 26 disclosure - Joe Dardar | 0.10 | 0.00 |
| 11/26/2021 | Revisions to Witness and Document list and filing of same. | 1.00 | 290.00 |
| 11/26/2021 | Revisions to and filing of Joint Status Report after multiple emails between counsel re: same. | 0.30 | 87.00 |
| 11/29/2021 | Correspondence with attachments to Rufty re: 30(b)(6) deposition | 0.60 | 174.00 |
| 11/29/2021 | Correspondence to Rufty setting Rule 37.1 conference. | 0.30 | 87.00 |
| 11/29/2021 | Review of file documents in connection with evaluation of need for discovery conference. | 0.60 | 174.00 |
| 11/29/2021 | Emails back and forth between Levi and Auston Re: Telephone conference (No Charge) | 0.10 | 0.00 |
| 11/29/2021 | Telephone conference with Clients to Prepare for Corporate Deposition. | 1.00 | 290.00 |
| 11/29/2021 | Document review and generation of documents in response to 30(b)(6) notice. | 3.20 | 928.00 |
| 11/29/2021 | Email to Rufty forwarding dates for depositions of Jeff and Levi Adler. | 0.10 | 29.00 |
| 11/29/2021 | Deposition Preparation - Kenai Corporate Deposition (11/30/21) | 1.50 | 337.50 |
| 11/30/2021 | Client Preparation (Corporate Deposition) & Participation in Deposition | 10.00 | 2900.00 |
| 12/01/2021 | Email to Rufty concerning Rule 37.1 conference and depositions of Levi and Jeff Adler. | 0.10 | 29.00 |
| 12/02/2021 | Discovery conference with Rufty concerning Outstanding Discovery. | 0.30 | 87.00 |
| 12/02/2021 | Preparation of initial draft of Interrogatory Responses. | 0.60 | 174.00 |
| 12/03/2021 | Review of documents and revisions - redrafting of Responses to Requests for Production of Documents. | 0.70 | 203.00 |
| 12/06/2021 | Telephone conference with Levi Adler | 1.40 | 406.00 |
| 12/06/2021 | Preparation of initial draft of 30(b)(6) deposition of CPM | 1.00 | 290.00 |
| 12/06/2021 | Email to Lisa Price confirming deposition of Levi and replying to hers about Zoom call in information. | 0.10 | 29.00 |
| 12/06/2021 | Telephone conference / Interview with Jeff Adler | 0.80 | 232.00 |
| 12/06/2021 | Revisions to and finalized Responses to Interrogatories | 0.60 | 174.00 |
| 12/07/2021 | Preparation for and attendance at Zoom deposition of Levi Adler | 1.80 | 522.00 |
| 12/07/2021 | Preparation for and attendance at Zoom deposition of Jeff Adler | 1.10 | 319.00 |

| 12/07/2021 | Telephone conference with Austin re: Testimony and general issues regarding damages. | 0.70 | 203.00 |
| 12/15/2021 | Preparation & Participation of Corporate Deposition of CP Marine. | 6.00 | 1740.00 |
| 01/06/2022 | Drafting of supplemental settlement conference letter to Judge Currault | 2.10 | 609.00 |
| 01/07/2022 | Brief revisions to draft settlement conference letter and email filing of same with Chambers per Scheduling Order. | 0.30 | 87.00 |
| 01/11/2022 | Telephone conference with Levi and Austin re: settlement conference and trial issues. | 0.60 | 174.00 |
| 01/12/2022 | Telephone conference with client and co-counsel post-settlement conference. | 0.30 | 87.00 |
| 01/19/2022 | Email to Rufty re: revisions to Pre-Trial Order | 0.10 | 29.00 |
| 01/20/2022 | Helped complete pretrial order. | 2.50 | 725.00 |
| 01/24/2022 | Review of Witness and Exhibit Lists as well as discovery responses of CP Marine in connection with Rufty voicemail about adding expert witness; Email to Rufty in reply explaining basis for objection. | 0.40 | 116.00 |
| 01/25/2022 | Review of incoming orders concerning Pre- Trial Order and Court mandated revisions thereto. | 0.20 | 58.00 |
| 01/26/2022 | Review of Exhibit list and Pre-Trial Order; Review of analysis of joint exhibits and Generation of Revised Single Exhibit List | 1.40 | 406.00 |
| 01/26/2022 | Email to counsel for CPM/TME re: revisions to Pre-Trial Order and attaching documents generated (Combined Exhibit List; Comparison, etc) | 0.10 | 29.00 |
| 01/26/2022 | Revisions to Pre-Trial Order incorporating revised statement of facts and amended witness list with objections. | 0.80 | 232.00 |
| 02/03/2022 | Work on Proposed Findings of Fact and conclusions of law. | 2.30 | 667.00 |
| 02/03/2022 | Review of Deposition Testimony / Generation of Court Mandated Summary of Points with Deposition citations. | 1.30 | 377.00 |
| 02/03/2022 | Review of Proposed findings and Conclusions filed by defendants. | 0.30 | 87.00 |
| 02/04/2022 | Review of correspondence from Chambers re: Deposition Summaries ; Bench Books (Brief - No Charge) | 0.10 | 0.00 |
| 02/07/2022 | Prepared Bench Books with Flash Drive of videos. Finalized Depo Excerpt Submission. Delivered both to Judge's Brown's chambers before 4:30p | 2.00 | 190.00 |
| 02/09/2022 | Prepared findings of fact, conclusion of law, and pretrial memorandum. | 7.50 | 2175.00 |

| 02/10/2022 | Trial Preparation | 1.20 | 348.00 |
|---|---|---|---|
| 02/12/2022 | Trial Preparation - Meeting with witnesses and review of documents. | 7.60 | 2204.00 |
| 02/12/2022 | Trial preparation: exhibits and opening statement. | 5.00 | 1450.00 |
| 02/13/2022 | Trial preparation (Day Pre-Trial); Meeting with Clients and review of documents; Preparation generally for case-in-chief | 8.20 | 2378.00 |
| 02/13/2022 | Trial preparation: Mr. Levi Adler's testimony. | 9.00 | 2610.00 |
| 02/13/2022 | Trial Prep, Exhibit Review, Witness Review, Exhibit Prep | 4.00 | 380.00 |
| 02/14/2022 | Trial (Day 1) - Preparation for and attendance at. | 10.00 | 2900.00 |
| 02/14/2022 | Trial: Opening statement, Mr. Levi Adler's testimony. | 9.00 | 2025.00 |
| 02/14/2022 | Trial (Day 1) | 8.00 | 760.00 |
| 02/15/2022 | Trial (Morning Session)(Day 2) February 15, 2022 | 2.20 | 638.00 |
| 02/15/2022 | Trial Preparation / Ongoing During Recess | 5.50 | 1595.00 |
| 02/15/2022 | Trial: Additional witnesses in the plaintiff's case, including Jeff Adler, John Tingley. | 9.00 | 2025.00 |
| 02/15/2022 | Trial (Day 2) | 6.00 | 570.00 |
| 02/16/2022 | Trial (Day Three) | 10.60 | 3074.00 |
| 02/16/2022 | Trial preparation and trial, including Mr. Austin Adler. | 9.00 | 2025.00 |
| 02/16/2022 | Trial (Day 3) | 4.00 | 380.00 |
| 02/17/2022 | Preparation for and attendance at trial (Recessed until Tuesday) | 4.50 | 1305.00 |
| 02/17/2022 | Trial preparation and trial. | 5.00 | 1450.00 |
| 02/17/2022 | Trial (Day 4) | 2.00 | 190.00 |
| 02/21/2022 | Trial Preparation | 1.90 | 551.00 |
| 02/22/2022 | Appearance in court - Trial Recessed | 0.90 | 261.00 |
| 02/22/2022 | Trial | 5.10 | 1479.00 |
| 02/22/2022 | Trial (Day 5) | 5.10 | 484.50 |
| 03/01/2022 | Prepared post-trial brief and filed same. | 8.00 | 2320.00 |
| 03/02/2022 | Review and redrafting via redline edit to post- trial brief. | 0.70 | 203.00 |

Considering the comparatively smaller focus on the wrongful seizure claim versus the breach of contract/delay damages claim but recognizing that the less time-consuming claim would have necessitated a certain amount of discovery and trial work, these entries should be reduced by 50%. This results in the $62,491.50 total for these entries being reduced to $31,245.75.

Likewise, the statement reflects the following travel entry:

| Date | Description | Time | Total Charged ($) |
|------|-------------|------|-------------------|
| 04/12/2019 | Travel to and from Lafitte, Louisiana onsite visit to M/V Iron Don | 4.10 | $1,189.00 |

This travel time will be reduced by 50% given the absence of any evidence of substantive work during that travel. Accordingly, Kenai is entitled to $594.50 for this charge.

Finally, Kenai includes time spent on June 1, 2022, related to the appeal of this matter. Attorney time related to the now pending appeals falls outside of the fee award at trial. Should any attorneys' fees be owed for time spent related to the appeal, that will be addressed at a later date. Accordingly, the June 1, 2022 time should be excluded in its entirety.

b. Trial Time

Defendants argue that Plaintiff incurred unnecessary and duplicative fees by having two lawyers present during trial while they had only one lawyer present at trial. ECF No. 112, at 8-9. Consequently, they argue that, of the 64.8 hours billed during the first four days of trial, 32.3 hours should be excluded as duplicative as well as .9 on the fifth day. *Id.* Plaintiffs state, however, that two attorneys were necessary and they shared obligations evenly. ECF No. 104-2, at 3.

Although courts need not award fees for "hours spent in duplicative activity or spent in the passive role of an observer while other attorneys performed," where the additional attorney participates "in a supporting role" rather than merely as a passive observer, the time should not be excluded.[46] While Defendants had only one attorney, the Court cannot conclude that it is unreasonable for two attorneys to share duties during a 5-day trial, particularly when they are

---

[46] *See Flowers v. Wiley*, 675 F.2d 704, 705 (5th Cir. 1982); *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at *6 (5th Cir. 1999) (finding duplication where plaintiff did not allege that additional attorney "actively participated, even in a supporting role, during the deposition"); *Walker*, 99 F.3d at 768 ("[c]ompensation is sought for more than one attorney's time at depositions, hearings, negotiations, or other activities only if there was a legitimate need for the involvement of more than one attorney").

represented to have shared obligations equally.  Further, given the percentage deduction applied above, the Court does not find it appropriate to further reduce the trial time based on the presence of two attorneys.

### B.  Adjustments to the Lodestar Amount

After the lodestar has been determined, the court must consider the weight and applicability of the factors delineated in *Johnson v. Georgia Highway Express, Inc.*[47]  The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[48]

The lodestar calculation is presumptively reasonable and should be modified only in exceptional circumstances.[49]  Only in the rare circumstances in which lodestar does not adequately take into account a factor is this "strong presumption" of reasonableness overcome.[50]  The novelty and complexity of the issues, special skill and experience of counsel, quality of representation, and results obtained are presumably fully reflected in the lodestar amount, and thus should not serve as independent bases for increasing the basic fee award.[51]  Enhancements based upon the *Johnson*

---

[47] 488 F.2d 714 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989); *see also Watkins,* 7 F.3d at 457.
[48] *See Johnson*, 488 F.2d at 717.
[49] *Watkins*, 7 F.3d 453, 457 (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).  *Accord Perdue v. A. ex rel. Winn*, 559 U.S. 542,546, 552 (2010); *Cooper Tire & Rubber Co.*, 685 F.3d 486, 490; *Fessler*, 23 F.4th at 415.
[50] *Combs v. City of Huntington*, 829 F.3d 388, 393 (5th Cir. 2016).
[51] *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 771–72 (5th Cir. 1996) (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) ("'[N]ovelty [and] complexity of the issues,' 'the special skill and experience of counsel,' the 'quality of representation,' and the 'results obtained' from the litigation are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award.") (quoting *Blum v. Stenson*, 465 U.S. 886, 898-900 (1984); *Shipes*, 987 F.2d at 320))).

26

factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts[52] and may not be based on a factor already subsumed in the lodestar calculation.[53]  Thus, double-counting is impermissible, so the lodestar may not be adjusted due to a *Johnson* factor if creation of the lodestar award already accounted for that factor.[54]

Plaintiff does not seek any adjustments.[55]  Defendants seek substantial deductions based on Kenai's limited success and other specific objections.  Defendants do not specifically argue for downward adjustment based on this factor appropriate under *Johnson*.[56]  Further, the Supreme Court and Fifth Circuit have, however, rejected the notion that the fee award should be reduced solely because of limited success or low damages award.[57]

As this Court has already factored Plaintiff's limited success into the lodestar calculation by eliminating hours spent on the unsuccessful claims and applying a percentage reduction for block billing for work that appeared to relate to both successful and unsuccessful claims, a further reduction under *Johnson* would be improper.  Accordingly, after careful evaluation of the *Johnson* factors, neither exceptional nor rare circumstances justify a further reduction of the lodestar in addition to the deductions applied in arriving at the lodestar, as previously outlined herein.

## C.  Costs and Expenses

Although Chief Judge Brown awarded Plaintiff "attorney's fees, expert fees, expenses, court costs, as well as punitive damages," the only matter referred to the undersigned is the issue

---

[52] *Walker*, 99 F.3d at 771–72 (citations omitted); *Shipes*, 987 F.2d at 322).
[53] *Perdue*, 559 U.S. 542, 553.
[54] *Heidtman v. County of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999) (citation omitted).
[55] ECF No. 104.
[56] *See* ECF No. 112.
[57] *City of Riverside v. Rivera*, 477 U.S. 561 (1986); *Blum v. Stenson*, 465 U.S. 886, 888 (1984); *Hensley*, 461 U.S. at 434, 440 (1983); *see also Cobb v. Miller*, 818 F.2d 1227, 1234 (5th Cir. 1987) (finding clear error when fees reduced by two-thirds after plaintiff prevailed against only one of three defendants).

of the reasonableness of attorneys' fees.  ECF No. 89, at 20.  Local Rule 54 governs the procedure

for recovery of costs, which matter must be submitted to the Clerk of Court.  *See* Local Rule 54.3.1.

## IV.    <u>CONCLUSION</u>

Kenai seeks $78,017.68 in attorneys' fees and $3,793.53 in expenses.  The rates charged

by Kenai's counsel are reasonable and consistent with prevailing rates in the community.

However, adjustments must be made to the lodestar calculation to address charges for travel time,

clerical time, unsuccessful claims, and block or vague entries rendering it impossible to determine

precisely how much of the time spent related to successful versus unsuccessful claims.  Because

deductions were made during the lodestar calculation, consideration of the *Johnson* factors do not

justify any further adjustment.

Accordingly, after reducing the award for time spent on unsuccessful claims along with a

percentage deduction for block or vague entries, and considering the exceptions and modifications

noted herein, for the reasons set forth above,

IT IS RECOMMENDED that Plaintiff Kenai Ironclad Corporation be awarded $38,831.40

in attorneys' fees.

IT IS FURTHER RECOMMENDED that Plaintiff Kenai Ironclad Corporation's request

for costs be DENIED WITHOUT PREJUDICE to seek costs in accordance with Local Rule 54.

A party's failure to file written objections to the proposed findings, conclusions, and

recommendation in a magistrate judge's report and recommendation within fourteen (14) days

after being served with a copy shall bar that party, except upon grounds of plain error, from

attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by

the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[58]

New Orleans, Louisiana, this ___20th___ day of July, 2022.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[58] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).