UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENAI IRONCLAD CORP.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-2799** |
| **CP MARINE SERVICES, LLC, et al.** | **SECTION: "G"(2)** |

## ORDER

This matter is before this Court on a limited remand from the United States Court of Appeals for the Fifth Circuit for clarification of this Court's damages award. Plaintiff Kenai Ironclad Corp. ("Plaintiff") filed a Complaint in this Court on March 22, 2019.[1] In the Complaint, Plaintiff asserted claims for breach of contract, wrongful vessel seizure, conversion, and tortious interference with contractual relations against Defendants CP Marine Services, LLC ("CP Marine") and Ten Mile Exchange, LLC ("TME") (collectively, "Defendants").[2] These claims arose out of a vessel repair contract Plaintiff entered with Defendants to convert Plaintiff's vessel, the *M/V Iron Don*, from an offshore supply vessel to a salmon fishing vessel for use in Alaska.[3]

After a five-day bench trial, this Court found Defendants did not breach a contract with Plaintiff, but found that Defendants wrongfully seized, detained, and converted the vessel.[4] The Court awarded damages to Plaintiff in the amount of $17,580.50, plus expert fees, expenses, court

---

[1] Rec. Doc. 1.

[2] *Id.* at 12–14.

[3] *Id.* at 3.

[4] Rec. Doc 89.

1

costs, and reasonable attorney's fees.[5] Defendants appealed this Court's ruling.[6]

On October 18, 2023, the Fifth Circuit held that there was sufficient evidence to support this Court's finding that Defendants wrongfully seized, detained, and converted Plaintiff's vessel in a manner that warranted the imposition of attorney's fees and punitive damages.[7] However, because the record was unclear "as to certain aspects of the punitive damages award—namely, whether they were also intended . . . to be compensatory and, if so, in what amount—" the Fifth Circuit remanded the case for clarification of the damages award.[8] The Fifth Circuit opinion instructed that "[a]dditional briefing of the parties [was] strongly encouraged."[9]

Consistent with this directive, this Court issued an Order instructing Defendants to file any supplemental briefing on or before November 1, 2023, and Plaintiff to file any supplemental briefing on or before November 15, 2023.[10] Defendants did not file any supplemental briefing or response to this Court's Order. On November 7, 2023, Plaintiff filed a supplemental brief.[11] On November 9, 2023, Plaintiff also filed a Supplemental Motion to Fix Attorneys' Fees Incurred on Appeal and Post-Appeal.[12] Plaintiff noticed the motion for submission on November 29, 2023.[13]

---

[5] *Id.* at 20.

[6] Rec. Docs. 92, 121, 124.

[7] *Kenai Ironclad Corp. v. CP Marine Servs.*, LLC, 84 F.4th 600, 603 (5th Cir. 2023).

[8] *Id.*

[9] *Id.* at 614.

[10] Rec. Doc. 133.

[11] Rec. Doc. 134.

[12] Rec. Doc. 135.

[13] Rec. Doc. 135-4.

Defendants failed to file any response to the supplemental motion for attorneys' fees.

In early November, defense counsel called chambers and orally informed a staff member that the case had "settled." Counsel was instructed that the Court could not act on an ex parte verbal communication, and it needed written confirmation of the settlement. The Court did not receive any written confirmation of the settlement.[14]

On December 5, 2023, the Fifth Circuit Clerk of Court sent a letter to this Court. As the Fifth Circuit is unable to proceed with the appeal until the limited remand is resolved, the Fifth Circuit directed the Clerk of Court to remind this Court of the pending matter.[15]

On December 6, 2023, the Court called a status conference to inquire whether this matter had in fact resolved.[16] Defendants' counsel insisted that a final settlement had been reached, but Plaintiff's counsel disputed this assertion.[17] Since there was ongoing disagreement regarding whether the case has settled, the Court informed the parties that it would issue an order on the limited remand unless it received notice of a final settlement on or before Friday, December 7, 2023.[18] The parties did not provide any notice of settlement by the deadline. Accordingly, the Court proceeds to address the limited remand and the pending supplemental motion for attorneys' fees.

---

[14] Defense counsel produced an email purportedly sent to the Court on November 2, 2023, but the email was not received by the Court as the Court's email address was incomplete. The email appears to have been sent to efile-brown@laed.uscourts rather than efile-brown@laed.uscourts.gov. *See* Rec. Doc. 136 at 4.

[15] *Id.* at 5.

[16] *Id.* at 2.

[17] *Id.*

[18] *Id.* at 3.

A.     *The Damages Award*

The Fifth Circuit remanded this case "on the limited basis of clarifying the court's award, specifying whether any part of the award was intended as compensatory damages and, if so, in what amount."[19] Plaintiff suggests that this Court's damages award should have been characterized as compensatory, rather than punitive.[20] Despite being given an opportunity to file supplemental briefing, Defendants have failed to respond.

"Although compensatory damages and punitive damages are typically awarded at the same time by the same decisionmaker, they serve distinct purposes."[21] Compensatory damages "are intended to redress the concrete loss that the plaintiff has suffered by reason of the defendant's wrongful conduct."[22] Punitive damages, "which have been described as 'quasi-criminal,' operate as 'private fines' intended to punish the defendant and to deter future wrongdoing."[23]

This Court awarded damages to Plaintiff in the amount of $17,580.50, plus expert fees, expenses, court costs, and reasonable attorney's fees.[24] The damages award was primarily intended to compensate Plaintiff for the five-day loss of its vessel, while also deterring Defendants from engaging in such conduct in the future. The Findings of Fact and Conclusions of Law stated:

> Although the Court finds that Defendants' performance was not dilatory and did not cause Plaintiff's late arrival in Alaska, Defendants' wrongful detention of Plaintiff's vessel plainly delayed Plaintiff by five days. Therefore, as a measure of punitive damages, the Court will award Plaintiff the value of its missed contract

---

[19] *Kenai Ironclad Corp.*, 84 F.4th at 614.

[20] Rec. Doc. 134.

[21] *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424, 432 (2001).

[22] *Id.* (internal citations omitted).

[23] *Id.* (internal citations omitted).

[24] Rec. Doc. 89 at 20.

days for the days that Defendants wrongfully detained the vessel. Specifically, the vessel was detained for five days from March 5, 2019 to March 11, 2019. The net day rate for the salmon fishing charter was $3,516.10. This rate, multiplied by the five days the vessel was detained, is $17,580.50. Accordingly, the Court awards Plaintiff attorney's fees, expert fees, expenses, court costs, as well as punitive damages in the amount of $17,580.50.[25]

The reference to "punitive damages" was inaccurate. While the Court wanted to deter future wrongdoing by Defendants, the primary intent of the award was to compensate Plaintiff for the detention. The charter provided a start date of June 25, 2019, but the vessel did not arrive in Alaska until July 13, 2019.[26] Plaintiff sought to attribute this entire 18-day delay to Defendants.[27] The Court rejected this argument because it found that there was at least a two-month delay in completing additional, unrelated repairs.[28] For this reason, the Court found that Defendants' performance was not dilatory and did not cause Plaintiff's late arrival in Alaska.[29] However, the Court also specifically found that Defendants' wrongful detention of Plaintiff's vessel plainly delayed Plaintiff by five days.[30] The Court determined that it would be unfair to attribute the entire 18-day delay to Defendants. Nevertheless, the Court intended to make Plaintiff whole for the five-day wrongful detention of the vessel.

Reviewed anew with the benefit of the thorough, well-reasoned opinion of the Fifth Circuit, the Court agrees that the damages award could have been more clearly expressed in the first instance. This Court was focused on the fact that Plaintiff had not shown that Defendants caused the entire 18-day delay in arriving to Alaska. Plaintiff clearly established that Defendants

---

[25] Rec. Doc. 89 at 18–19.

[26] Tr. at 422.

[27] Rec. Doc. 87 at 11.

[28] Rec. Doc. 89 at 13–14.

[29] *Id.* at 18.

[30] *Id.*

wrongfully seized the vessel for five days in March 2019, but unrelated delays ultimately caused Plaintiff to miss the June 25, 2019 deadline for arrival in Alaska. Considering that the vessel arrived in Alaska only 18 days after the deadline and there was a two-month delay for the unrelated repairs, the Court was concerned that Plaintiff had not shown that a full delay could be attributable to Defendants.

"The gravamen of the right to recover damages for wrongful seizure or detention of vessels is the bad faith, malice, or gross negligence of the offending party."[31] The Fifth Circuit has explained that bad faith damages in the wrongful arrest context are "analogous to those in cases of malicious prosecution."[32] In the context of malicious prosecution:

> The defendant is required to respond in damages for causing to be done through the process of the court that which would have been wrongful for him to do himself, having no legal justification therefor and acting in bad faith, with malice, or through a wanton disregard of the legal rights of his adversary.[33]

"Thus, by way of analogy, for common law malicious prosecution actions, '*[c]ompensatory damages* for tangible losses or harm normally include reasonable attorney fees and other expenses incurred in defending the wrongful criminal or civil litigation. . . .'"[34]

The Court ordered damages for lost profits per day detained, no more. The damages awarded are more properly considered compensatory damages, not for delay getting on location in Alaska, but rather for the detention itself. The Court intended to rule in such a manner as to deter Defendants from this type of conduct in the future, but its primary objective was to compensate Plaintiff for the detention and five days denied use of the vessel. It was inaccurate to

---

[31] *Frontera Fruit Co. v. Dowling*, 91 F.2d 293, 297 (5th Cir. 1937).

[32] *Id.*

[33] *Id.*

[34] *Kenai Ironclad Corp.*, 84 F.4th at 612 (citing David W. Robertson, Court-Awarded Attorneys' Fees in Maritime Cases: The "American Rule" in Admiralty, 27 J. MAR. L. & COM. 507, 511 (1996) (emphasis added)).

call these damages "punitive" because they were in fact making Plaintiff whole for the loss of use of the vessel.[35] On further reflection, perhaps it would have been appropriate to award an additional amount as punitive damages? The Fifth Circuit found that the seizure was clearly "in a manner egregious enough to warrant an award of punitive damages."[36] However, the Court is cognizant of the limited scope of the remand, not to increase the damages awarded but to clarify the prior award. Therefore, the Court clarifies that the $17,580.50 damages award was compensatory, in that the Court made Plaintiff whole for the loss of use of the vessel caused by Defendants' wrongful detention. The reference to the damages as "punitive" was inaccurate, and the Court regrets any confusion caused by this inaccurate use of terminology.

## B.     *The Supplemental Motion for Attorneys' Fees*

On November 9, 2023, Plaintiff also filed a Supplemental Motion to Fix Attorneys' Fees Incurred on Appeal and Post-Appeal.[37] Plaintiff noticed the motion for submission on November 29, 2023.[38] Defendants failed to file any response to the supplemental motion for attorneys' fees.

Plaintiff seeks supplemental attorneys' fees in the amount of $15,882, for work performed on appeal and for the supplemental briefing submitted to this Court on the limited remand. The Court declines to rule on this issue at this time. Plaintiff notes that the Fifth Circuit rules establish a mechanism for taxing attorneys' fees on appeal. The Fifth Circuit remanded this case "on the limited basis of clarifying the court's award, specifying whether any part of the award was intended as compensatory damages and, if so, in what amount."[39] The instant request for supplemental

---

[35] *See In Re M/V Nicole Trahan*, 10 F.3d 1190, 1194 (5th Cir. 1994) (citing D*elta S.S. Lines, Inc. v. Avondale Shipyards, Inc.*, 747 F.2d 995, 1001 (5th Cir.1984) (detention damages may be awarded if "proved with a reasonable certainty" and if the vessel "has been engaged or is capable of being engaged in a profitable commerce.").

[36] *Kenai Ironclad Corp.*, 84 F.4th at 614.

[37] Rec. Doc. 135.

[38] Rec. Doc. 135-4.

[39] *Kenai Ironclad Corp.*, 84 F.4th at 614.

attorneys' fees appears beyond the scope of the limited remand. Therefore, the Court dismisses the motion without prejudice to Plaintiff's right to seek such relief from the Fifth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that the $17,580.50 in damages awarded in favor of Plaintiff Kenai Ironclad Corp. and against Defendants CP Marine Services, LLC and Ten Mile Exchange, LLC by this Court on May 17, 2022 are compensatory damages in that they were intended to make Plaintiff whole for the five days the vessel was wrongfully detained.

**IT IS FURTHER ORDERED** that Plaintiff's Supplemental Motion to Fix Attorneys' Fees Incurred on Appeal and Post-Appeal[40] is **DISMISSED WITHOUT PREJUDICE**.

**NEW ORLEANS, LOUISIANA**, this __11th__ day of December, 2023.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[40] Rec. Doc. 135.